UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 02-20334-CR-MOORE/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERTO DELGADO,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PETITION
FOR REVOCATION OF SUPERVISED RELEASE**

This matter is before the Court on the government's Petition for Revocation of Supervised Release ("Petition"). [D.E. 114].[1] The government alleges that Defendant Roberto Delgado ("Defendant") violated conditions of his Supervised Release and requests that his term of Supervised Release be revoked. An evidentiary hearing was held on this matter on May 9, 2013. Having carefully considered the government's Petition, the testimony of the witnesses and the exhibits admitted into evidence at the hearing, together with the arguments of counsel, and being fully advised in the premises, the Court found that Defendant violated his conditions of Supervised Release and, accordingly, recommends that the Petition be Granted and that Defendant's term of Supervised Release be revoked, for the reasons forth below.

---

[1] The Honorable K. Michael Moore referred this matter to the undersigned Magistrate Judge. [D.E. 119].

1. In order to revoke a defendant's supervised release, the Court must find by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). The reasons for revoking supervised release and the evidence the court relies upon should be either formalized in written findings or orally announced and recorded or transcribed. *See United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994).

2. The Court's Factual Findings were fully set forth on the record at the conclusion of the evidentiary hearing. Specifically, the Court found the testifying witness, Defendant's former girlfriend, fully credible as to her encounter with Defendant on January 26, 2013. The Court found Defendant, who testified on his own behalf, to lack credibility in so far as he testified differently from the witness, both as to the reason why Defendant was present at the former girlfriend's place of employment that evening, the manner in which he confronted the girlfriend (and her current boyfriend) in a parking lot, and the Defendant's use of a cane that he grabbed from inside a vehicle that did not belong to him which caused injury (albeit a temporary and minor one) to his former girlfriend.

3. But because the Court found the witness credible, the Court found that the government had not proven by a preponderance of the evidence that Defendant was guilty of Violation One set forth in the Petition, which charged Defendant with aggravated battery punishable under Fla. Stat. § 784.045(1)(A) ("A person commits aggravated battery who, in committing battery: (1) Intentionally or knowingly causes

great bodily harm, permanent disability, or permanent disfigurement; or (2) uses a deadly weapon.").

4. The Court found that Defendant clearly committed a "battery" when he hurled a cane at the former girlfriend as she was trying to leave the area where the Defendant confronted her. A simple battery, a first degree misdemeanor, occurs when a personal actually and intentionally touches or strikes another person against the will of the other or intentionally causes bodily harm to another person. Fla. Stat. § 784.03(1)(a). Clearly, Defendant committed a battery (which is indisputably a lesser included offense of the charged violation). *See, e.g., CAC v. State,* 771 So. 2d 1261, 1262-63 (Fla. 2d DCA 2000).

5. To prove aggravated battery, a felony under Florida law, the government may first show that the victim suffered great bodily harm. That requires proof that the victim suffered more than just some harm. *See, e.g., Williams v. State,* 651 So. 2d 1242 (Fla. 2d DCA 1995). The evidence presented in this record shows instead that the girlfriend suffered only moderate or minor harm (a bruise and redness on her hip) which are likely to be inflicted by a simple battery. That is insufficient evidence to establish that the victim suffered great bodily harm – the first predicate for an aggravated battery conviction. *See, e.g., CAC,* 771 So. 2d at 1262.

6. To prove aggravated battery otherwise, the government must show that a deadly weapon was used. A deadly weapon is any instrument which, when used in the ordinary manner contemplated by its design, will or is likely to cause death or great bodily harm; or any instrument likely to cause great bodily harm because of the

way it is used during a crime. *See, e.g., D.C. v. State,* 567 So. 2d 998, 1000 (Fla. 1st DCA 1990). "Whether a weapon is deadly is a question of fact to be determined under all the circumstances, taking into consideration the weapon and its capability for use." *E.J. v. State,* 554 So. 2d 578, 579 (Fla. 3d DCA 1989).

7. In *CAC,* for instance, a fork was found to not be a deadly weapon because when used in the ordinary intended manner it is not likely to cause death or great bodily harm, and the use of that fork in that case (which caused scratches, swelling and puncture marks) did not give rise to great bodily harm. 771 So. 2d at 1262. As a result an aggravated battery conviction was reversed. That same analysis applies here. A cane is not likely to cause death or great bodily harm in its normal intended usage. And that cane here was not used in a manner that generated great bodily harm, as it too resulted in only minor scrapes and bruising that could be expected to occur from a normal battery. Therefore, under Florida law we cannot find the Defendant guilty of an aggravated battery. As the Court explained at the hearing, however, the Defendant clearly is guilty of the lesser included offense of simply battery, a first degree misdemeanor.

8. The government did show, however, that the Defendant is guilty by a preponderance of the evidence as to alleged Violation Two, which charged him with burglary of an occupied conveyance, a second degree felony under Fla. Stat. § 810.02(3)(d). That statute provides that: "Burglary is a felony of the second degree, . . . if, in the course of committing the offense, the offender does not make an assault or battery and is not and does not become armed with a dangerous weapon or explosive,

and the offender enters or remains in a . . . (d) Conveyance, and there is another person in the conveyance at the time the offender enters or remains[.]." A "burglary" is the entering of a dwelling or "conveyance" with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter[.]" *Id.* § 810.02(1)(b). A "conveyance" includes any motor vehicle. Fla. Stat. § 810.011(3).

9. The evidence in the record shows that the Defendant entered the motor vehicle occupied by and belonging to another (his former girlfriend's current boyfriend) to commit an offense therein (an assault and battery using his hands and the cane found inside the vehicle). The girlfriend testified credibly that when Defendant leaned inside the vehicle while standing on the right door landing he was striking at the driver (thereby committing an assault) and he then reached inside to grab an object that could be used as a weapon (the cane). Defendant then removed the cane from inside the vehicle and then hurled it at the former girlfriend (a battery). Therefore, the Court found that Defendant intended to cross the "invisible plane" of the vehicle to commit an offense therein, which is the essential requirement for burglary of an occupied conveyance. *See, e.g., Barton v. State,* 797 So. 2d 1276, 1277-78 (Fla. 4th DCA 2001).[2]

---

[2] Indeed the Court could have found Defendant guilty of a first degree felony under subsection (2) of the statute if an offender commits a burglary while in the course of making an assault or battery upon any person (as opposed to a second degree felony for burglary without an assault or battery). The Defendant, however, was only charged with the lesser offense. Therefore, we will construe the notice narrowly in fairness to the Defendant and find him guilty of only that offense with which he was charged. *See In re Gault,* 387 U.S. 1, 33 (1967).

Based on the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that the government's Petition for Revocation of Supervised Release [D.E. 114] be **GRANTED IN PART** and that Defendant Roberto Delgado's Term of Supervised Release be **REVOKED** based on the undersigned's finding that the government proved Violation No. 1 only for misdemeanor battery and proved Violation No. 2 for the second degree felony offense of burglary of an occupied conveyance.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable K. Michael Moore, United States District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 13th day of May, 2013.

                                              /s/ *Edwin G. Torres*
                                              EDWIN G. TORRES
                                              United States Magistrate Judge